```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                           EASTERN DIVISION


ALYCIA MCGOWAN,                    )
                                   )
              Plaintiff,           )
                                   )
         v.                        )     No. 4:09 CV 740 ERW / DDN
                                   )
                                   )
MICHAEL J. ASTRUE,                 )
Commissioner of Social Security,   )
                                   )
              Defendant.           )
```

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the court on the motion of defendant Commissioner of Social Security to remand the application of plaintiff Alycia McGowan for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1381, et seq. The action was referred to the undersigned United States Magistrate Judge for review and a recommended disposition under 28 U.S.C. § 636(b). (Doc. 4.) For the reasons set forth below, the undersigned recommends that the Commissioner's motion be sustained.

## I. BACKGROUND

On September 10, 2004, plaintiff filed an application for supplemental social security income. (Doc. 1 at ¶ 7.) After her application was denied, plaintiff requested a hearing. (Id. at ¶ 8.) Plaintiff's request was granted, and the Administrative Law Judge ("ALJ") conducted a hearing on April 17, 2006. (Id. at ¶ 9.) The ALJ denied plaintiff's claim on May 24, 2006. (Id. at ¶ 10.) Plaintiff sought review from the Appeals Council, but was denied review on August 25, 2006. (Id. at ¶ 11.)

Plaintiff filed suit in federal court, and on February 20, 2008, the United States District Court for the Eastern District of Missouri reversed and remanded the Commissioner's decision. (Id. at ¶ 12.) The ALJ held another hearing, and on November 13, 2008, the ALJ denied

plaintiff's claims.[1]  (Doc. 1 at ¶ 13.)  On January 12, 2009, the ALJ issued a corrected notice of unfavorable decision, which restarted the time to file a civil appeal.  (Id. at ¶ 14.)  The ALJ's decision became final on March 14, 2009.  (Id.)  Plaintiff brought the current action on May 12, 2009.  (Doc. 1.)

In her complaint, plaintiff alleges that the ALJ erred by failing to either recall plaintiff's treating physician or contact a medical expert; by failing to call a vocational expert; by failing to fully and fairly develop the record; and by finding plaintiff not disabled. (Doc. 1.)  Plaintiff lists evidence which the ALJ did not consider in the November 13, 2008 decision, which was submitted after the May 24, 2006 decision.  (Id.)

## II.  MOTION TO REMAND

Defendant moves to remand plaintiff's application to the ALJ for further review under Sentence Four of 42 U.S.C. § 405(g).  (Doc. 36). Defendant states that the Appeals Council determined that remand is appropriate, and that if remand is granted, the Appeals Council will remand to the ALJ.  The ALJ will review all relevant evidence, including hospital records and notes and medical opinions of Dr. J. Chad Byrd, plaintiff's treating physician.  The ALJ will also consider whether plaintiff meets 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 14.02 (2010); articulate the weight given to Dr. Byrd's opinions; and provide explanation for the determination.  The ALJ will then continue, if necessary, in evaluating plaintiff's claim.  (Id.)

Plaintiff opposes the motion, instead seeking an immediate finding of disability and remand for an award of benefits.  (Doc. 38). Plaintiff argues that there is overwhelming evidence to support a finding of disability, and as such a finding of disability is appropriate.  (Id.)

---

[1]The ALJ denied plaintiff's claim for supplemental security income and another claim which plaintiff filed on September 15, 2006.  (Doc. 1 at ¶ 13.)

## III. DISCUSSION

Ordinarily, if the Commissioner's denial of benefits was improper, the court remands the case for additional administrative proceedings out of "abundant deference to the ALJ." Buckner v. Apfel, 213 F.3d 1006, 1011 (8th Cir. 2000) (quotations omitted). Reversal and an award of benefits is appropriate only if the record "overwhelmingly supports" a finding of disability. Id. (quotations omitted); Pate-Fires v. Astrue, 564 F.3d 935, 947 (8th Cir. 2009). In that instance, "further proceedings would serve no useful purpose," Olson v. Shalala, 48 F.3d 321, 323 (8th Cir. 1995), and "remand would merely delay the receipt of benefits to which plaintiff is entitled." Thompson v. Sullivan, 957 F.2d 611, 614 (8th Cir. 1992). A court should refrain from awarding benefits if the administrative record has not been fully developed. Podedworny v. Harris, 745 F.2d 210, 221-22 (3d Cir. 1984); Ross v. Apfel, 999 F. Supp. 1449, 1451 (D. Kan. 1998); McCann v. Apfel, 152 F. Supp. 2d 761, 764-65 (E.D. Pa. 2001); Justice v. Barnhart, 431 F. Supp. 2d 617, 620-21 (W.D. Va. 2006).

Because both parties contend that the ALJ did not consider all available evidence and that the ALJ did not fully and fairly develop the record (Doc. 1 at ¶ 16-18; Doc. 36), plaintiff's application should be remanded under Sentence Four of 42 U.S.C. § 405(g) for additional proceedings.

## IV. RECOMMENDATION

For the reasons set forth above, it is the recommendation of the undersigned that the motion of the Commissioner of Social Security to remand be sustained.

The parties are advised that they have until November 2, 2010 to file written objections to this Report and Recommendation. The failure to file timely written objections may waive the right to appeal issues of fact.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on October 19, 2010.